IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HELLIAN KNIGHT, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:11-CV-1122-B-BH |
| | ) | |
| CITY OF BALCH SPRINGS, ET AL., | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this action has been referred for screening. Based on the relevant filings and applicable law, the complaint should be **DISMISSED** under 28 U.S.C. § 1915(e)(2).

### I. BACKGROUND

On May 26, 2011, Plaintiff sued the City of Balch Springs ("the City") and the Balch Springs Police Department ("Police Department") for violation of his civil rights. (*See* Complaint ("Compl.").) He claims that on May 26, 2009, his home was searched without a warrant or probable cause, and he was unlawfully arrested, detained, and imprisoned. *Id.* at 3-4. Based on this incident, he claims that the defendants' officers engaged in a pattern or practice of subjecting individuals to false imprisonment and to improper searches and seizures, and that the defendants failed to "adequately train, supervise and monitor police officers, and [] to adequately accept citizen complaints of misconduct, investigate alleged misconduct, and adequately discipline officers[.]" *Id.* at 6 ¶ 24. He seeks unspecified damages. *Id.* at 10-12.

### II. PRELIMINARY SCREENING

Because Plaintiff has been granted permission to proceed *in forma pauperis* (see doc. 7), his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). That section provides for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to

state a claim upon which relief may be granted." A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

### III. CLAIMS AGAINST THE POLICE DEPARTMENT

A police department is not a jural entity that can be sued. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). "[U]nless the true political entity has taken explicit steps to grant [a] servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. Because Plaintiff seeks relief from an entity that is not subject to suit, all of his claims against the Police Department should be dismissed under 28 U.S.C. § 1915(e)(2).

### IV. CLAIMS AGAINST THE CITY

Plaintiff sues the City under various statutes for violations of his constitutional rights as well as violations of state law.

#### A. <u>42 U.S.C. § 14141</u>

Plaintiff sues the City under 42 U.S.C. § 14141 for violating his rights under the Fourth and Fourteenth Amendments. (Compl. at 4-6.)

Section 14141 provides:

(a) Unlawful conduct

It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

(b) Civil action by Attorney General

Whenever the Attorney General has reasonable cause to believe that a violation of paragraph (1) has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.

Although neither the Supreme Court nor the Fifth Circuit has considered this issue, the two district courts in this circuit that have considered this issue have found that § 14141 does not create a private cause of action, but rather, only allows the Attorney General to bring a civil action to eliminate the pattern or practice. *See Johnson v. Missouri City,* No. H-07-1739, 2009 WL 6767109, at *1 n.1 (S.D. Tex. Mar. 9, 2009); *Huerta v. Garcia*, No. B-07-39, 2007 WL 3120128, at *3 (S.D. Tex. Oct. 23, 2007).[1] This Court agrees that no private cause of action exists under this statute. Plaintiff's §

---

[1] District courts in other circuits have also consistently found that § 14141 does not create a private cause of action. *See Pitts v. City of Cuba*, 4:10-CV-274 ERW, 2011 WL 2433401, at *2 (E.D. Mo. June 16, 2011), slip copy; *Mendia v. City of Wellington*, No. 10-1132-MLB, 2010 WL 4513408, at * 5 (D. Kan. Nov. 2, 2010), slip copy; *Rutledge v. Town of Chatham*, No. 4:10CV0035, 2010 WL 3835662, at * 1 (W.D. Va. Sept. 30, 2010), slip copy, *aff'd* 414 Fed. App'x 568 (4th Cir. 2011); *Coleman v. Cumberland Police Dept*, No. 1:09-CV-734-DML-LJM, 2010 WL 2735623, at *4 (S.D. Ind. July 9, 2010), slip copy; *CP, ex rel. Powell v. Tenn.*, No. 3:10-CV-126, 2010 WL 2598105, at * 3 (E.D. Tenn. June 24, 2010), slip copy; *Gray v. Mich. Dep't of Human Servs.*, No. 09-CV-12596, 2010 WL 1755055, at *3 (E.D. Mich. Apr. 22, 2010), slip copy, *accepted by* 2010 WL 1755052 (E.D. Mich. Apr. 30, 2010); *Wright v. Taylor*, No. 08-5944, 2009 WL 2342567, at *4 (E.D. Pa. July 28, 2009), slip copy; *Gallacher v. Kisner*, No. 2:08-CV-845 TC, 2009 WL 2058432, at *5 (D. Utah July 15, 2009), slip copy; *Clarke v. Upton*, No. CV-F-07-888 OWW/SMS, 2009 WL 1460815, at *25 (E.D. Cal. May 26, 2009), slip copy; *Davis v. Clearlake Police Dept.*, No. C-07-03365 EDL, 2008 WL 4104344, at *11 (N.D. Cal. Sept. 3, 2008); *Leisure v. City of Reynoldsburg*, 2:07-cv-411, 2008 WL 4137961, at *7 (S.D. Ohio Aug. 29, 2008); *Greer v. Hillsborough County Sheriff's Dept.*, No. 8:04-CV2034T23MSS, 2005 WL 2416031, at *2-3 (M.D. Fla. Sept. 30, 2005); *Thompson v. Washington*, No. CO4-2554-L, 2005 WL 2045886, at *1 (W.D. Wash. Aug. 25, 2005).

14141 claims against the City should be dismissed under 28 U.S.C. § 1915(e)(2).

**B.     42 U.S.C. § 1983**

Plaintiff also sues the City under 42 U.S.C. § 1983 for violations of his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments. (Compl. at 6-9.)

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show that he has been deprived of a right secured by the Constitution and the laws of the United States and that the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

A municipality may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his constitutional rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978).[2] The plaintiff must show an "underlying claim of a violation of rights" as well as "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). "Official policy" is defined as:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

---

[2] Plaintiff claims, in part, that the City is liable for the actions of its officers under the theory of respondeat superior. (Compl. at 9-10.) "It is well established that a city is not liable under § 1983 on the theory of respondeat superior[,]" however. *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (citing *Monell*), *cert. denied*, 131 S. Ct. 2094 (2011); *see also Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979). Rather, "the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir. 1984) (en banc); *accord Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). For a facially constitutional policy, the plaintiff must demonstrate that the policy was promulgated with deliberate indifference to known or obvious unconstitutional consequences. *Piotrowski v. City of Houston,* 237 F.3d 567, 579 (5th Cir. 2001); *accord Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 849-50 (5th Cir. 2009) (discussing failures to train or supervise officers), *cert. denied,* 131 S.Ct. 66 (2010).

Here, Plaintiff does not allege a specific policy that was officially adopted and promulgated; he only makes a conclusory allegation that the City has engaged in a pattern or practice of subjecting individuals to false arrests and improper searches and seizures resulting from failures to train, supervise, and monitor police officers, investigate reports of wrongdoing, and discipline officers engaging in misconduct. The complaint sets out only the May 26, 2009 incident from which he apparently infers these customs. A single incident does not show a policy or custom, however. *World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 753-54 (5th Cir. 2009). Nor is it sufficient to infer a policy based on a customary practice. *See City of Okla. City v. Tuttle*, 471 U.S. 808, 821 (1985); *see also Bennett v. City of Slidell,* 728 F.2d 762, 768 n.3 (5th Cir. 1984) ("Isolated violations are not the persistent, often repeated, constant violations, that constitute custom and policy" as required for municipal section 1983 liability).

Following *Twombly* and *Iqbal*, plaintiffs have the burden to allege facts that show entitle-

ment to relief. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 213 (5th Cir. 2009). Well-pled facts that merely permit an inference of possible misconduct do not show entitlement to relief as required by Rule 8(a)(2). *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (relying on *Iqbal*), *cert. denied*, 130 S.Ct. 1505 (2010). Without enough facts to permit the inference of an official custom or policy that resulted in Plaintiff's injuries, his claims against the City necessarily fail. *See McClure v. Biesenbach*, 355 F. App'x 800, 803-04 (5th Cir. 2009) (finding that Plaintiffs must plead facts showing that a policy or custom existed to state a claim and affirming dismissal of municipal liability claims because the complaint alleged insufficient facts).[3]

This conclusion is supported by this Court's decisions in *Davenport v. City of Garland, Tex.*, No. 3:09-CV-798-B, 2010 WL 1779620, at *2-3 (N.D. Tex. Apr. 9, 2010) (recommending granting motion to dismiss), *accepted by* 2010 WL 1779619 (N.D. Tex. Apr. 30, 2010), and *Wright v. City of Dallas, Tex.,* No. 3:09-CV-1923-B, 2010 WL 3290995 at *2-3 (N.D. Tex. Jul. 19, 2010) (recommending granting motion to dismiss), *accepted by* 2010 WL 3291816 (N.D. Tex. Aug. 19, 2010). In those cases, the plaintiffs alleged that "the use of excessive force . . . is so common and well known . . . that it constitutes a custom that fairly represents official policy[.]" *See* 2010 WL 3290995 at *3. The Court found that these "conclusions, unsupported by facts, are not entitled to the presumption of truth." *Id.* It also found that alleged failures to train or discipline officers were not supported by facts and were therefore mere conclusions not entitled to the presumption of truth. *Id.* Because the plaintiffs failed to plead facts that "show similar incidents of excessive force[,]" knowledge or approval by a policymaker of a pattern or practice of excessive force, or a failure to train officers by a final policymaker, they failed to state a plausible claim of municipal liability. *Id.*

---

[3] Other appellate courts have also affirmed dismissals of municipal liability claims based on insufficient factual allegations. *See Missel v. County of Monroe*, 351 F. App'x 543, 545-46 (2d Cir. 2009); *Bittner v. Snyder County*, 345 F. App'x 790, 792-93 (3d Cir. 2009), *cert. denied*, 130 S. Ct. 2099 (2010).

Likewise, Plaintiff also failed to plead sufficient facts in this case.[4]

Because Plaintiff alleges only one incident to support his inference of an official custom or policy, his factual allegations are insufficient to nudge his claims of municipal liability from conceivable to plausible. His § 1983 claims against the City should be dismissed.[5]

## C. State law

Plaintiff also appears to assert state law claims, including claims for false imprisonment under the Texas Tort Claims Act, Texas common law, and the Texas Civil Practice and Remedies Code. (Compl. at 6 ¶ 26 & 9 ¶ 40.)

Federal courts may exercise supplemental jurisdiction over state claims in any civil action in which the court has original jurisdiction. 28 U.S.C. § 1367(a). However, whether to exercise such jurisdiction after dismissing the underlying federal claims is a matter left to the sound discretion of the court. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000). When a court dismisses the federal claims at a preliminary stage of litigation, judicial economy argues against the exercise of pendent or supplemental jurisdiction over state claims. *See LaPorte Constr. Co. v. Bayshore Nat'l*

---

[4] Other district courts have likewise dismissed municipal liability claims for lack of factual support. *See Hutchison v. Metro. Gov't of Nashville & Davidson County*, 685 F. Supp. 2d 747, 751-52 (M.D. Tenn. 2010); *Martin v. District of Columbia*, 720 F. Supp. 2d 19, 22-23 (D.D.C. 2010); *Ward v. Nevada*, No. 3:09-CV-00007-RCJ-VPC, 2010 WL 1633461, at *5 (D. Nev. Feb. 26, 2010), *accepted by* 2010 WL 1640427 (D. Nev. Apr. 21, 2010); *Jenkins v. Humboldt County*, No. C 09-5899 PJH, 2010 WL 1267113, at *3 (N.D. Cal. Mar. 29, 2010); *Mabien v. Riley*, No. 08-00728-CG-B, 2009 WL 4609763, at *3 (S.D. Ala. Dec. 1, 2009).

[5] To the extent Plaintiff seeks to recover under 42 U.S.C. §§ 1985 and 1988, (*see* Compl. at 8 ¶ 37), those claims should also be summarily dismissed. The law presumes that municipalities are incapable of entering into conspiracies. *See Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998); *Hiliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994). Thus, the City cannot be liable for an action brought pursuant to § 1985. *See Mitchell v. City of Sugar Land,* No. G-10-223, 2011 WL 1156253, at *8 (S.D. Tex. Mar. 25, 2011); *see also Batiste v. City of Beaumont*, 421 F. Supp.2d 969, 986 (E.D. Tex. 2005). Because Plaintiff cannot prevail under §§ 1983 or 1985, he is not entitled to attorney's fees under 42 U.S.C. § 1988.

*Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986).

Because Plaintiff's federal claims are subject to dismissal, his state law claims should be dismissed without prejudice to pursuing them in state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

## V. RECOMMENDATION

Plaintiff's federal claims should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2). The Court should decline to exercise supplemental jurisdiction over any state claim, and these claims should be **DISMISSED** without prejudice to Plaintiff pursuing them in state court.

**SIGNED this 25th day of July, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE